■ In the Matter of SYLVESTER W. DEL BELLO, an Attorney, Respondent. WESTCHESTER COUNTY BAR ASSOCIATION, Petitioner.— The respondent is an attorney who was admitted to practice in the courts of this State by this court on April 6, 1921. This is a proceeding to discipline him for professional misconduct. He maintains an office at 20 South Broadway, Yonkers, New York, and a residence at 41 Sudbury Drive, Yonkers, New York. Pursuant to an order of this court dated July 1, 1965, the issues were heard before a Justice of the Supreme Court, who has submitted his report with findings, dated October 25, 1965, to this court. The respondent has moved: (a) to confirm the report, except for the findings (1) that he failed to reveal to the court which appointed him as committee for an incompetent that he had interests conflicting with the interests of his ward and (2) that as such committee he closed out a Totten Trust bank account without a court order; and (b) to dismiss all the charges against him. Motion denied, report confirmed to the extent hereinafter indicated, respondent disbarred and his name ordered to be struck from the roll of attorneys. This disciplinary proceeding arose out of a case which passed through this court (see *Gorfinkel* v. *First Nat. Bank in Yonkers,* 19 A D 2d 903, affd. 15 N Y 2d 711). In that case we found that respondent became the attorney for an elderly woman, one Ellen Snyder, also known as Ellen Elliott, in 1953 and that when she was adjudged an incompetent person in 1955 he " effected his appointment as her committee " without revealing to the appointing court that he was the sole beneficiary under a will which he had drawn for the incompetent in 1953 and that she had conveyed her real estate to him subject to a life estate in her favor. We also found that in 1957 he closed out a Totten Trust bank account which she had maintained, without obtaining a court order, and that he expended a portion of the funds realized for repairs to the real property. We held that respondent was personally liable to the defendant bank for the entire judgment recovered by the beneficiary of the Totten Trust against the bank. This amounted to $6,011.18 plus interest. We referred this matter to the Westchester Bar Association which, after investigation by its Grievance Committee, brought the present charges against respondent. Paragraph "9th

A" of the petition charges that respondent violated canon 11 of the Canons of Professional Ethics, which provides that an attorney "should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client," by (1) using the sum of $5,302.86 withdrawn from the Totten Trust to repair real property of which he was the owner at a time when the incompetent was in an institution and could not use her life estate and (2) taking unfair advantage of his client and causing her to convey property to him without any consideration for such transfer. The learned Justice found that the record before him did not substantiate these charges. In our opinion, they are amply established by the proof. Paragraph "9th B" charges a violation of canon 22, which requires a lawyer's conduct before the court to be candid and fair, in that: (1) he "effected his appointment as the Committee" of the incompetent without revealing to the appointing court (a) that he was the beneficiary under her will and (b) that she had conveyed her real property to him subject to a life estate in her favor and (2) he closed out the Totten trust bank account without obtaining a court order. The Justice sustained these charges. In our opinion this was warranted by the proof. Paragraph "9th C" of the petition charges respondent with a violation of canon 41, which provides that, "when a lawyer discovers that some fraud or deception has been practiced, which has unjustly imposed upon the court or a party, he should endeavor to rectify it." This violation was based upon the fact that after respondent became record owner of the incompetent's real estate on September 8, 1953 he failed to disclose to the Welfare Department of the County of Westchester that a mortgage from Ellen Snyder to the Department of Welfare to secure welfare payments made to her by the department had been executed by Ellen Snyder after she had conveyed the property to the respondent. The learned Justice found this charge to be unsupported. We find sufficient proof in the record to sustain this charge. The charges thus sustained indicate that respondent lacks the character and fitness requisite for an attorney at law in this State. (Cf. *Matter of Schildhaus,* 23 A D 2d 152.) Beldock, P. J., Ughetta, Hill, Hopkins and Benjamin, JJ., concur.